IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

LORENZO COLEMAN,
    Petitioner,

v.                                                                             Civil No. 3:20cv747 (DJN)

HOPEWELL GENERAL DISTRICT COURT, *et al.*,
    Respondents.

**MEMORANDUM OPINION**

Petitioner, a federal inmate proceeding *pro se*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner contends that he is entitled to relief under the Interstate Agreement on Detainers based on documents that he filed with the Hopewell General District Court. (ECF No. 1 at 7.)[1] Respondent has moved to dismiss on the grounds that, *inter alia*, Petitioner failed to exhaust his available state remedies. For the reasons set forth below, the Motion to Dismiss (ECF No. 10) will be GRANTED, because Petitioner failed to exhaust his available state court remedies.

                                          **I.**     **Pertinent Procedural History**

On March 19, 2017, Petitioner was charged with one felony count of driving under the influence, third or subsequent offense, a violation of Virginia Code § 18.2–266. (ECF No. 11 at 1.) Petitioner also was charged with operating a vehicle without an ignition interlock, a Class 1 misdemeanor under Virginia Code § 18.2–270.1, refusing to submit to a breath or blood

---

[1]     The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions. The Court omits any secondary citations in the citations from the parties' submissions.

test, a violation of Virginia Code § 18.2-268.3, and driving the wrong way on a one-way street, a violation of Virginia Code § 46.2–806. (*Id.* at 1–2.) Petitioner failed to appear for his preliminary hearing on the felony offense and the trial on the remaining offense. (*Id.* at 2.) Thereafter, the Hopewell General District Court issued an arrest warrant for Petitioner for failing to appear. (*Id.*)

On or about December 19, 2019, Petitioner filed with the Hopewell General District Court a document titled "Motion for Speedy Trial Pursuant to the Sixth Amendment to the U.S. Constitution and Request for Final Disposition of All Untried Indictments, Informations or Complaints Pursuant to the Interstate Agreement on Detainers Act." (*Id.*) The Hopewell General District Court has not ruled on Petitioner's Motion. (*Id.*)

## II.     Interstate Agreement on Detainers Act ("IAD")

"The purpose of [the IAD] is to encourage expeditious disposition of outstanding criminal charges, where one jurisdiction has lodged a detainer with prison authorities of another jurisdiction where the subject of the outstanding charges is incarcerated." *Peyton v. Commonwealth*, 2009 WL 1286418, at *2 (Va. Ct. App. May 12, 2009) (quoting *Valentine v. Commonwealth*, 443 S.E.2d 445, 447 (Va. Ct. App. 1994)). Article III of the IAD "gives a prisoner the right to demand a final disposition of charges pending against him in another jurisdiction." *White-Bey v. Roanoke City Cir. Ct.*, 2006 WL 482471, at *1 (W.D. Va. Feb. 25, 2006) (citing Va. Code Ann. § 53.1–210). To assert the right to final disposition:

> the prisoner must first file a request for final disposition with the warden or "other official having custody of him." [Va. Code Ann. § 53.1–210.] *The warden then forwards the request to the appropriate state court, as well as the appropriate prosecutor's office. Id.* The request must include a certificate stating the term of commitment under which the prisoner is being held, the amount of time already served, the amount of time remaining to be served, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision made in connection with the prisoner's parole. *Id.* If the prisoner is not tried within the requisite 180-

2

> day period, the prisoner is entitled to dismissal of the charges with prejudice. *Id.* The 180-day period commences once "the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer."

*Id.* (emphasis added) (quoting *Fex v. Michigan*, 507 U.S. 43, 52 (1993)). Here, Petitioner fails to indicate that his request for relief under the IAD originated from his Warden or was sent to the appropriate prosecutor's office. (ECF No. 1 at 6–7.)

### III.   Exhaustion Analysis

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston,* 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). In this regard, "[i]n the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before [the federal courts] conduct habeas review of the detention." *Id.* at 531 n.5 (citing *Boumediene*, 553 U.S. at 793). "Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–92 (1973); *Younger v. Harris*, 401 U.S. 37, 49 (1971); *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)); *see also Brazell v. Boyd*, 1993 WL 98778, at *1 (4th Cir. Apr. 5, 1993) (concluding "pretrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted his state court remedies, and 'special circumstances' justify the provision of federal review" (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224–26

(5th Cir. 1987))). Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks and citation omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.").

Petitioner has not exhausted his state court remedies with respect to his request for relief under the IAD. Petitioner can file a petition for a writ of habeas corpus with the Supreme Court of Virginia seeking relief under the IAD. *See Gilstrap v. Godwin*, 517 F.2d 52, 53 (4th Cir. 1975) (requiring Virginia inmate to file a state petition for a writ of habeas corpus to exhaust his claim under the IAD); *Brown v. Keohane*, 475 F. Supp. 943, 944 (E.D. Va. 1979) (dismissing for lack of exhaustion petitioner's request for relief under the IAD where state court had not ruled on the request and observing that although "there is no order from which to appeal to the Virginia Supreme Court, the petitioner could certainly apply to that Court for habeas review."). Moreover, the record fails to indicate that he has filed any appropriate request for speedy disposition under the IAD. *See White-Bey v. Roanoke City Cir. Ct.*, 2006 WL 482471, at *2 (W.D. Va. Feb. 25, 2006) (concluding petitioner failed to properly exhaust state remedies where petitioner's attempt "to invoke the provisions of the IAD by filing [a] motion" was inadequate because "a prisoner's request for final disposition of an interstate detainer must first be sent to the warden, who then forwards the request to the appropriate court, along with the requisite certificate of incarceration").

Accordingly, the Motion to Dismiss (ECF No. 10) will be GRANTED. The action will be DISMISSED WITHOUT PREJUDICE. Petitioner's Motion for Default Judgment (ECF No. 13) will be DENIED.

An appropriate Order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: January 31, 2022